FILED
United States Court of Appeals
Tenth Circuit

October 26, 2012

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

UNITED STATES OF AMERICA,

        Plaintiff-Appellee,

v.

SANDRA LOZORIA,

        Defendant-Appellant.

No. 12-3254
(D.C. No. 6:12-CR-10085-MLB-14)
(D. Kan.)

**ORDER AND JUDGMENT**[*]

Before **O'BRIEN**, **EBEL**, and **HOLMES**, Circuit Judges.

      Defendant Sandra Lozoria appeals from the district court's denial of release

pending trial. We have jurisdiction under 18 U.S.C. § 3145(c) and 28 U.S.C. § 1291

and affirm.

---

[*]     This panel has determined that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

## I.  Background

Defendant has been charged by indictment with violating 21 U.S.C. §§ 841 and 843(b).  She made her initial appearance before the magistrate judge on August 29, 2012.  Shortly after that, the Department of Homeland Security, Immigration Customs and Enforcement (ICE) placed an immigration custody detainer on defendant based on its belief that she was present in the United States illegally.  The magistrate judge held a detention hearing on August 31 and issued an order releasing defendant on bond.  Because of ICE's detainer, however, he ordered defendant detained until September 5.  Magistrate Judge's Order at 3.  On September 4, the United States filed a motion in the district court to revoke the magistrate judge's order of release.

The district court held an evidentiary hearing on September 20.  Defendant did not testify, but her counsel argued that she was not a flight risk and that ICE's detainer was an insufficient basis on which to deny bond.  To demonstrate that she was a flight risk, the United States presented evidence of defendant's past actions to conceal her identity and whereabouts from authorities.  In addition, an ICE special agent testified that ICE's detainer assured that defendant would be taken into ICE custody if the district court denied the government's motion to revoke her release, that the pending criminal charges would not prevent the agency from initiating removal proceedings against her, that her deportation would remove her from the

- 2 -

district court's jurisdiction, and that she would be deported within a few days if she were to stipulate to removal.

On September 21, the district court granted the government's motion to revoke defendant's release on bond. Defendant appeals.

## II. Discussion

When we review the issue of detention, we review mixed questions of law and fact de novo, "but we accept the district court's findings of historical fact which support that decision unless they are clearly erroneous." *United States v. Cisneros*, 328 F.3d 610, 613 (10th Cir. 2003).

Defendant argues, as a question of first impression in this court, that the district court erred because the government has both the power and the responsibility under 8 C.F.R. §§ 215.2(a) and 215.3 to prevent her removal from the United States during the criminal proceedings. But we conclude that we need not decide whether that argument has merit in this case because the district court had two distinct bases for revoking her release, the second of which alone justifies the order revoking release.

First, the district court stated that ICE would take defendant into custody if the court released her, and that ICE would then seek to remove her from the country and the court's jurisdiction. District Court Order at 2-3. Second, the court also stated, "quite apart from any ICE consequences," that defendant's past actions concealing her identity and whereabouts from authorities showed that "she could present a flight

risk if released on bond, even if the aforesaid problems with ICE were not present."
*Id.* at 3.

Defendant does not challenge the district court's second ground for considering her a flight risk or the fact findings upon which it was based. That ground is sufficient standing alone to support the court's order revoking release.

AFFIRMED.

Entered for the Court
Per Curiam
